FILED
2019 Jun-28 AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN HERSHELL FORD, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 5:16-cv-1181-MHH-GMB |
| ) | |
| DEWAYNE ESTES, Warden, and the ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

In this action, Mr. Ford challenges his state court conviction. He argues that he is entitled to a new trial because of a crucial error in the jury selection phase of his state trial. On September 7, 2018, the magistrate judge filed a report in which he recommended that the Court deny Mr. Ford's § 2254 petition for a writ of *habeas corpus* and dismiss this action with prejudice. (Doc. 11). Mr. Ford, with the assistance of counsel, filed timely objections to the report and recommendation. (Doc. 12). This opinion resolves Mr. Ford's objections.

Under 28 U.S.C. § 636(b)(1)(C), a district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Here, the facts are largely undisputed. A jury found Mr. Ford guilty of first-degree rape and first-degree sexual abuse, and Mr. Ford is serving a lengthy state sentence as a result of his conviction. (Doc. 1, p. 1). Mr. Ford contends that the conviction is the product of ineffective assistance of counsel. He asserts that because his trial attorney "completely failed to pay attention during *voir dire*," his attorney allowed the director of a child advocacy center to be seated on the jury. (Doc. 1, p. 5). That juror ultimately served as the foreperson of the jury. During a state court hearing on Mr. Ford's Sixth Amendment challenge to his conviction, Mr. Ford's trial attorney acknowledged that "but-for his negligence," he would have removed the child advocacy director from the jury that convicted Mr. Ford. (Doc. 1, p. 5).

Mr. Ford pursued his Sixth Amendment challenge through Alabama's trial and appellate courts, exhausting his state court effort to obtain relief for the alleged constitutional violation. (Doc. 1, pp. 5, 12). The Alabama state courts reviewed

his challenge on the merits, and the Alabama Court of Criminal Appeals concluded that Mr. Ford did not prove "prejudice" under the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), because Mr. Ford did not prove that the child advocacy director actually was biased against him.[1] In his report, the magistrate judge provided a lengthy excerpt from the Court of Criminal Appeals' decision. (Doc. 11, pp. 4-7).

In his report, the magistrate judge correctly described the deferential standard that applies to state court decisions under AEDPA. A federal court may not interfere with a state court decision unless the decision is contrary to controlling Supreme Court precedent existing at the time of the decision or the state court unreasonably applied Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The magistrate judge concluded that the decision of the Alabama Court of Criminal Appeals was neither contrary to nor an unreasonable application of Supreme Court precedent.

Mr. Ford argues that the Court should disregard the magistrate judge's recommendation because Mr. Ford's trial counsel admitted that his mistake during jury selection prejudiced Mr. Ford. (Doc. 12, p. 3). Mr. Ford contends that he has established a violation of his rights under the Sixth Amendment because in post-

---

[1] To establish ineffective assistance of counsel under *Strickland*, a petitioner must prove professionally deficient performance by counsel and prejudice caused by the deficient performance.

3

conviction proceedings, he demonstrated that his trial attorney "definitely [would have] removed [the child advocacy director juror] with a peremptory strike." (Doc. 12, p. 4). Mr. Ford submits that "but for counsel's errors the complained-of juror would not have served on the jury," and the juror's "absence from the jury very well could have changed the nature and dynamic of jury deliberations." (Doc. 12, p. 5). According to Mr. Ford, "[t]he second prong of *Strickland* only required him to demonstrate that there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Strickland*, 466 U.S. at 694. Demonstrating that [the child advocacy director juror] would not have participated in the trial meets this burden" (Doc. 12, p. 6), presumably because Mr. Ford was found guilty of conduct involving a female who was less than 12 years of age. (Doc. 11, p. 3).

Mr. Ford's argument rests on a misunderstanding of the *Strickland* test for prejudice. The United States Supreme Court has held that a district court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error . . ." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). Instead, a criminal defendant must establish that the proceeding at issue "was fundamentally unfair or unreliable." 506 U.S. at 369.

In rejecting Mr. Ford's Sixth Amendment challenge to his conviction, the Alabama Court of Criminal Appeals focused on Mr. Ford's failure to provide

4

evidence that the child advocacy director actually was biased against him. (Doc. 11, pp. 5-7). The Alabama Court of Criminal Appeals' reliance on the actual bias standard seems to be a reasonable application of the *Strickland* prejudice standard. *See Bell v. United States*, 351 Fed. Appx. 357, 360 (11th Cir. 2009) ("Bell did not show that juror Milarsky was actually biased").[2] Mr. Ford surely may have been able to establish that his trial was fundamentally unfair or the result of the trial was unreliable had he demonstrated that the child advocacy director, who the jurors selected as their foreperson, was biased against him. But during post-conviction proceedings, the child advocacy director testified that neither his job nor the relationships that he had with law enforcement officers as a consequence of his job affected his ability to serve as an impartial juror. This testimony was uncontroverted.

Thus, the Court accepts the testimony of Mr. Ford's trial attorney, but it also accepts the unrebutted testimony of the child advocacy director. Absent evidence of actual bias or some other indication that his state court criminal trial was fundamentally unfair or the guilty verdict unreliable, under Supreme Court precedent, Mr. Ford is not entitled to *habeas* relief. The magistrate judge correctly found that the Alabama Court of Criminal Appeals' decision was neither contrary

---

[2] The *Bell* decision is not binding precedent because it is an unpublished decision, but the *Bell* decision provides meaningful guidance on the Eleventh Circuit's interpretation of the *Strickland* prejudice standard in the context of jury selection.

to nor an unreasonable application of Supreme Court precedent. Under the mandate of § 2254(d), the magistrate judge correctly deferred to the state courts' determination. Therefore, the Court will deny Mr. Ford's *habeas* petition and dismiss this action with prejudice.

**DONE** and **ORDERED** this June 28, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE